IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3268-FL

| RANDLE COOKE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| ATTORNEY GENERAL ERIC HOLDER, CHARLES E. SAMUELS, JR., KATHLEEN SIBILEUS, and JUSTIN ANDREWS, | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to proceed *in forma pauperis* (DE 3, 5). In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

On March 9, 2009, the government filed a certification of plaintiff as a sexually dangerous person pursuant to 18 U.S.C. § 4248(a) while plaintiff was serving an eighty-seven (87) month term of imprisonment for his convictions for one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and two counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). See United States v. Cooke, 5:09-HC-2034-FL (E.D.N.C. Mar. 9, 2009). Title 18 U.S.C. § 4248 was enacted in July 2006 as part of the Adam Walsh Child Protection and Safety Act and provides for the civil commitment of "sexually dangerous person[s]" in federal custody for

care and treatment following the expiration of their federal prison sentences. 18 U.S.C. § 4248(a); see also, Timms v. Johns, 627 F.3d 525, 526 (4th Cir. 2010).

On March 18, 2013, the court found plaintiff to be a sexually dangerous person and committed him pursuant to 18 U.S.C. § 4248. See United States v. Cooke, 5:09-HC-2034-FL (E.D.N.C. Mar. 18, 2013). The Fourth Circuit Court of Appeals affirmed the court's judgment on April 7, 2014. See United States v. Cooke, No. 13-6792, 2014 WL 1345348 (4th Cir. 2014).

On October 29, 2013, plaintiff brought this Bivens action against defendants Attorney General Eric Holder ("Holder"), Federal Bureau of Prisons Director Charles E. Samuels ("Samuels"), Secretary of the Department of Health and Human Services Kathleen Sibileus ("Sibileus"), and Warden Justin Andrews. Plaintiff alleges the following claims pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution: (1) Holder placed plaintiff, a civil committee, "back into a federal prison relegated to the same Bureau of Prisons Rules, Regulations, and Guidelines- in effect extending [his] criminal sentence;" (2) defendants subject him to conditions of confinement "intended solely to punish those serving criminal sentences, completely failing to provide the requisite treatment and care meant for those 'civilly committed;'" (3) Sibileus failed to "comply and obey statutory requirements found within 18 U.S.C. § 4247 and § 4248 which directs [her] to consult with [Holder] regarding the establishment of standards for any facility to be used"; and (4) Andrews directs his staff to enforce BOP rules, which are punitive in nature; and (5) Andrews allowed his treatment staff to implement a "'treatment program' that fails to meet the most basic standards of . . . 42 CFR 482.13 thr[ough] 483.25." (Compl. pp. 3-4.)

**DISCUSSION**

A.  Motion to Proceed *In Forma Pauperis*

Plaintiff seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. The court finds that plaintiff has made a satisfactory showing of indigence. Accordingly, his *in forma pauperis* application is GRANTED.

B.  Frivolity Review

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff alleges that his confinement in a federal prison as a civil committee violates his due process rights because it effectively extends his criminal sentence. Section 4248 provides for the civil commitment of "sexually dangerous person[s] in federal custody for care and treatment,

3

following the expiration of their federal prison sentences." 18 U.S.C. § 4248(a); see also Timms, 627 F.3d at 526. The United States Supreme Court has determined that the statutory scheme set forth in § 4248 is Constitutional. See United States v. Comstock, 560 U.S. 126, 149 (2010). Further, to the extent plaintiff argues that § 4248 is criminal rather than civil in nature, the Fourth Circuit Court of Appeals has ruled that § 4248 commitment actions are civil proceedings. See United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012), see, also, Allison v. Snyder, 332 F.3d 1076, 1079-1081 (7th Cir. 2003) (holding the placement of persons civilly confined under the Illinois Sexually Dangerous Persons Act in sex offender group therapy program did not violate due process). Based upon the foregoing, this claim is DISMISSED for failure to state a claim.

The court next addresses plaintiff's claim that he is subject to the exact same conditions of confinement as federal inmates serving a criminal sentence in violation of his due process rights. Plaintiff is correct in that "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982). However, a committee still may be subject to conditions within the bounds of professional discretion that place restrictions on his personal freedoms. Id.; see Allison, 332 F.3d at 1079 ("[P]lacement [of a civil detainee] in a prison, subject to the institution's usual rules of conduct, [does not per se] signify punishment . . . ."); see also, Timms v. Johns, No. 5:10-CT-3210-BO, 2013 WL 6577379, at *4 (E.D.N.C. Dec. 13, 2013) ("[C]ivil detainees are subject to the same security policies as those used at correctional facilities.") Moreover, plaintiff has not asserted how the general application of BOP policies violates his due process rights. Thus, this claim is DISMISSED without prejudice.

4

The court now turns to plaintiff's claims that the conditions of his confinement are intended to punish and not provide the requisite care and treatment, that defendant Sibileus failed to comply with the statutory requirements set forth in §§ 4247 and 4248, and that defendant Andrews allowed treatment staff to implement an inadequate treatment plan. Plaintiff failed to provide any facts to support these claims. Thus, these claims are DISMISSED without prejudice. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (finding that there is a minimum level of factual support required to state a constitutional claim).

## CONCLUSION

For the foregoing reasons, plaintiff's motions to proceed *in forma pauperis* (DE 3, 5) are GRANTED. Plaintiff's action, however, is DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 6th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge